WO                    IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KEVIN WRIGHT; HCG PLATINUM, LLC, a | ) | |
| Utah Limited Liability Company; and RIGHT | ) | |
| WAY NUTRITION, LLC, a Utah Limited | ) | |
| Liability Company, | ) | |
| | ) | No. 2:13-cv-2215-HRH |
| Defendants, and | ) | |
| | ) | |
| WEEKES HOLDING, LLC, an Arizona | ) | |
| Limited Liability Company; PRIMARY | ) | |
| COLORS, LLC, a Utah Limited Liability | ) | |
| Company; KMATT HOLDINGS, LLC, a Utah | ) | |
| Limited Liability Company; NUTRISPORT | ) | |
| HOLDINGS, LLC, a Utah Limited Liability | ) | |
| Company; TY D. MATTINGLY; JULIE | ) | O R D E R |
| MATTINGLY; and ANNETTE WRIGHT, | ) | |
| | ) | Motion to Transfer Venue |
| Relief Defendants. | ) | |
| _____ | ) | |

Defendants and relief defendants move to transfer venue to the District of Utah.[1] This

motion is opposed.[2]  Oral argument was requested but is not deemed necessary.

_____

[1]Docket No. 17.

[2]Docket No. 20.

Background

Plaintiff is the Federal Trade Commission.  Defendants are Kevin Wright; HCG Platinum, LLC (HCGP); and Right Way Nutrition, LLC.  Relief defendant are Weekes Holdings, LLC; Primary Colors, LLC; KMATT Holdings, LLC; Nutrisport Holdings, LLC; Ty D. Mattingly; Julie Mattingly; and Annette Wright.

Plaintiff commenced this action on October 30, 2013 by filing a complaint for a permanent injunction and other equitable relief.[3]  In the complaint, plaintiff alleges that defendants have violated the Federal Trade Commission Act by making false and unsubstantiated claims about their product, HCG Platinum, which is a weight loss supplement.[4]  Plaintiff alleges that "HCGP and Right Way ... have operated as a common enterprise while engaging in the deceptive acts and practices" described in the complaint and that "Kevin Wright has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the [c]orporate [d]efendants that constitute the common enterprise."[5]

---

[3]Docket No. 1.  Prior to filing the complaint, plaintiff sent a demand letter and draft complaint to Kevin Wright and HCGP, which alleged that venue was appropriate in the District of Utah.  Declaration of Kevin Wright [etc.] at 2, ¶ 2, Exhibit 1, Defendants' and Relief Defendants' Motion to Transfer Venue, Docket No. 17.

[4]Complaint [etc.] at 20-21, ¶¶ 28-29, Docket No. 1.

[5]Id. at 4, ¶ 8.

Plaintiff also alleges that the relief defendants have received funds that are traceable to the funds defendants have obtained from their customers and that the relief defendants would be unjustly enriched if they were "not required to disgorge the funds or the value of the benefit they received as a result of [d]efendants' unlawful acts or practices."[6]

The complaint alleges that Kevin Wright is an Arizona resident and HCGP and Right Way are Utah limited liability companies with principal places of business in Bluffdale, Utah.[7]  Weekes Holding is alleged to be an Arizona limited liability company with a registered office in Mesa, Arizona.[8]  Primary Colors is alleged to be a Utah limited liability company with a registered office in Orem, Utah.[9]  KMATT Holdings and Nutrisport Holdings are alleged to be Utah limited liability companies with registered offices in Bluffdale, Utah.[10]  The Mattinglys are alleged to be Utah residents, and Annette Wright is alleged to be an Arizona resident.[11]

Defendants and relief defendants now move to transfer this case to the District of Utah.

---

[6]Id. at 21, ¶¶ 30-31.

[7]Id. at 3, ¶¶ 5-7.  Bluffdale is approximately 20 miles from Salt Lake City.

[8]Id. at 4, ¶ 9.

[9]Id. at ¶ 10.

[10]Id. at 4-5, ¶¶ 11-12.

[11]Id. at 5, ¶¶ 13-15.

Discussion

Defendants' and relief defendants' motion is brought pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

"Under § 1404(a), the district court has discretion 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'" Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).  The court may consider 1) "the state that is most familiar with the governing law,"  2) "the plaintiff's choice of forum," 3) the convenience of the parties,  4) the convenience of the non-party witnesses, 5) "the contacts relating to the plaintiff's cause of action in the chosen forum," 6) "the differences in the costs of litigation in the two forums," 7) "the availability of compulsory process to compel attendance of unwilling non-party witnesses," 8) "the ease of access to sources of proof", and 9) "the relevant public policy of the forum state." Id. at 498-99.

There is no dispute that this case could have been brought in the District of Utah. Rather, the dispute here centers on whether it would be more for convenient for the parties and witnesses if this case were litigated in Utah.   Defendants and relief defendants argue

that consideration of the <u>Jones</u> factors weigh in favor of a transfer to the District of Utah.

Plaintiff argues that consideration of the <u>Jones</u> factors weigh against a transfer.

<u>State most familiar with the governing law</u>.  This factor is neutral because this case

involves federal claims.

<u>Plaintiff's choice of forum</u>.  This factor weighs against transfer since plaintiff has

chosen an Arizona forum.   But, this factor is given minimal weight because plaintiff does

not "reside" in Arizona and the operative facts giving rise to plaintiff's claims did not occur

solely in Arizona.  See <u>F.T.C. v.  Wyndham Worldwide Corp.</u>, Case No. CV 12–1365-PHX-

PGR, 2013 WL 1222491, at *2 (D. Ariz. Mar. 25, 2013) (quoting <u>Pacific Car & Foundry Co. v.</u>

<u>Pence,</u> 403 F.2d 949, 954 (9th Cir. 1968) (a plaintiff's "choice of forum is only entitled to

minimal consideration when 'the operative facts have not occurred within the forum of

original selection and that forum has no particular interest in the parties or the subject

matter'"); <u>Reaves v. Cable One, Inc.,</u> Case No. CV 11–00469–PHX–JAT, 2011 WL 5331695, at

*2 (D. Ariz. Nov. 7, 2011) ("the plaintiff's chosen forum is given less deference when the

plaintiff does not reside in that forum").

<u>The convenience of the parties</u>.  The two corporate defendants and three of the

corporate relief defendants (KMATT Holdings, Primary Colors, and Nutrisport Holdings)

are Utah limited liability companies.  It would be more convenient for these parties if this

case were litigated in Utah.  In addition, the Mattinglys are Utah residents; so, it would be

more convenient for them if this case were litigated in Utah.  Although relief defendant

Weekes Holding is an Arizona limited liability company, its principal place of business is

in Bluffdale, Utah.[12] Thus, it would be more convenient for Weekes Holding if this case were

litigated in Utah. And, it would not inconvenience plaintiff, which is a Washington, D.C.-

based federal agency, if the case were to be litigated in Utah, rather than Arizona.

Plaintiff, however, argues that Arizona would be a more convenient forum because

Mr. Wright, who controls most of the corporate defendants and relief defendants,[13] is an

Arizona resident as is Mrs. Wright. The Wrights dispute that they are Arizona residents and

contend that they are domiciled[14] in Utah and that Mr. Wright resides in Utah, not Arizona.

Mr. Wright avers that they own

> a secondary residential property in Mesa, Arizona. Annette
> currently spends most of her time there to be near her elderly
> mother. Our primary residence, however, is located in Utah
> and has been since 2009. Annette and I pay our state income tax

---

[12]See Exhibits 20 & 21, SEALED Declaration of Gina M. Pickerrell [etc.], Docket No. 25.

[13]Weekes Holding is the sole owner of Nutrisport Holdings, which in turn wholly owns HCGP and Right Way. Exhibits 20-21, SEALED Pickerrell Declaration, Docket No. 25. Plaintiff contends that Mr. Wright controls all four companies.

[14]"A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there[.]" Id. "'Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode[.]'" Id. (quoting Weible v. United States, 244 F.2d 158, 163 (9th Cir. 1957)).

> to Utah, and our Utah residence is the address listed on our
> federal tax returns.[15]

Although Mr. Wright averred that he was "registered to vote in Utah",[16] he later acknowl-

edged that he was mistaken about this and that he was not registered to vote in Utah.[17]  But,

Mr. Wright avers that since 2009 he considers Draper, Utah to be his "fixed, principal, and

permanent home" and that he "spend[s] the majority of his time in Utah as it is close to my

businesses."[18]

Plaintiff contends, however, that there is ample evidence that the Wrights reside in

Arizona.  Plaintiff first cites to a May 1, 2013 financial statement, which Mr. Wright

submitted to plaintiff in response to plaintiff's demand letter, in which Mr. Wright listed his

"primary address" as Mesa, Arizona.[19]  In later financial statements, Mr. Wright indicated

---

[15]Kevin Wright Declaration at 2, ¶ 3, Exhibit 1, Defendants' and Relief Defendants' Motion to Transfer Venue, Docket No. 17.  Plaintiff points out that address that the Wrights use on their federal tax returns is the Bluffdale business address of Right Way, which is located in a commercial business park.  See Declaration of Michael Palumbo at ¶¶ 2-4, attached to Plaintiff's Opposition to Defendants' Motion to Transfer Venue, Docket No. 20.

[16]Kevin Wright Declaration at 2, ¶ 3, Exhibit 1, Defendants' and Relief Defendants' Motion to Transfer Venue, Docket No. 17.

[17]Reply Declaration of Kevin Wright [etc.] at 2,  ¶ 4, Exhibit A, Defendants' and Relief Defendants' Reply to Plaintiff's Opposition [etc.], Docket No. 23.

[18]Id. at 2, ¶ 2.

[19]Exhibit 1, SEALED Declaration of Gina M. Pickerrell [etc.], Docket No. 25.

that his "primary residence" was in Utah, but that this residence was leased or rented.[20]

Plaintiff also cites to a court document filed by Mr. Wright in Arizona state court in which

he averred that he had lived in Arizona for 40 years and that Mrs. Wright had lived in

Arizona for 39 years.[21]  Plaintiff also points out that in 2002, Mr. Wright filed for bankruptcy

in Arizona[22] and in 2012, the Wrights were sued in Maricopa County in Arizona and

admitted jurisdiction.[23]  Plaintiff also contends that both Mr. and Mrs. Wright are registered

to vote in Arizona and have voted in numerous elections in Arizona over the last several

years.[24]  Plaintiff also points out that both Mr. and Mrs. Wright made political campaign

contributions in 2011 and 2012, listing their Mesa, Arizona residence[25] and that they list the

Mesa residence as their "primary residence" for property tax purposes.[26]  Plaintiff also points

out that the Deed of Trust for the Mesa property indicates that it is the Wrights' "principal"

[20]Exhibits 2-3, SEALED Pickerrell Declaration, Docket No. 25.

[21]State Court Petition at 1, Exhibit 4, Plaintiff's Opposition to Defendants' Motion to Transfer Venue, Docket No. 20.

[22]Voluntary Petition, Exhibit 5, Plaintiff's Opposition to Defendant's Motion to Transfer Venue, Docket No. 20.

[23]Exhibit 6, Plaintiff's Opposition to Defendant's Motion to Transfer Venue, Docket No. 20.

[24]SEALED Pickerrell Declaration at 4-6, ¶¶ 7-8 & ¶¶ 10-11, Docket No. 25.

[25]Exhibits 9-10, Plaintiff's Opposition to Defendant's Motion to Transfer Venue, Docket No. 20.

[26]Exhibits 11, Plaintiff's Opposition to Defendant's Motion to Transfer Venue, Docket No. 20.

residence.[27]   And, plaintiff points out that the Wrights filed personal income tax returns in

Arizona using a form that can only be used by full-time residents of the state and that on

their Utah state tax return for 2012, they indicated that they were "nonresidents" and that

their home state was Arizona.[28]  Plaintiff also offers a declaration from Larry Clark, Jr., who

is a Arizona highway patrolman, who avers that on October 1, 2013, he stopped Mr. Wright

for speeding and that Mr. Wright told him that "he was living in Arizona and was driving

to Utah for work purposes."[29]

The evidence plaintiff offers demonstrates that the Wrights have a connection to

Arizona.  But, they also have connection to Utah, the state in which all of the corporate

parties have their principal places of businesses and where the Mattinglys live.  Because

most of the parties are located in Utah, it would be more convenient for the parties if this

case were litigated in Utah.  This factor weighs in favor of transfer.

Convenience of non-party witnesses.   "'In determining the convenience of the

witnesses, a court should consider not only the number of witnesses located in the respective

venues, but also the nature and quality of their testimony.'"  Wyndham, 2013 WL 1222491,

at *4 (quoting Sloan v. Pfizer, Inc., Case No. C–08–1849–SBA, 2008 WL 4167083, at *5 (N.D.

---

[27]Exhibit 13, Plaintiff's Opposition to Defendants' Motion to Transfer Venue, Docket No. 20.

[28]Exhibits 14-16, SEALED Pickerrell Declaration, Docket No. 25.

[29]Declaration of Larry Darrell Clark, Jr. at 1, ¶¶ 2-3, attached to Plaintiff's Opposition to Defendants' Motion to Transfer Venue, Docket No. 20.

Cal. September 8, 2008)).  Defendants and relief defendants have identified three witnesses

who may be material witnesses.[30]  These witnesses are Michael Walker, who is HCGP's

former chief marketing officer; Mark Todd, who formerly worked in HCGP's marketing

department; and Mark Crowder, defendants' and relief defendants' outside accountant.[31]

Mr. Wright avers that Walker and Todd have "relevant and important knowledge regarding

advertising claims that were made with respect to the products, the internal corporate

discussions regarding the advertising and marketing of the products, the substantiation for

the advertising claims, as well as the final implementation of the marketing strategies."[32]

Mr. Wright avers that Crowder has "crucial knowledge regarding the amount of revenue

that [d]fendants and [r]elief [d]efendants received, [d]efendants' bookkeeping practices, and

other facts relevant to potential monetary relief."[33]  These witnesses all live in Utah.  Plaintiff

does not contend that there are any material witnesses who live in Arizona.  Thus, it would

be convenient for non-party witnesses if this case were litigated in Utah.  This factor weighs

in favor of transfer.

---

[30]Defendants and relief defendants have identified other witnesses but have not explained the nature and quality of these other witnesses' testimony.

[31]Kevin Wright Declaration at 3-4, ¶¶ 8-9, Exhibit 1, Defendants' and Relief Defendants' Motion to Transfer Venue, Docket No. 17.

[32]Kevin Wright Reply Declaration at 2, ¶ 8, Exhibit A, Defendants' and Relief Defendants' Reply [etc.], Docket No. 23.

[33]Id. at 3, ¶ 8.

Contacts relating to the cause of action. Defendants and relief defendants argue that

this factor weighs in favor of transfer.  Mr. Wright avers that "[v]irtually, if not all, of [his]

business activities occur in and around the [c]orporate [d]efendants' offices in Bluffdale,

Utah...."[34]  He further avers that "Bluffdale, Utah is the hub of all the [c]orporate

[d]efendants' business dealings, and they conduct the entirety of their business activities

almost exclusively in Utah,  with all advertising and marketing materials being created and

disseminated in and from Utah."[35]  Mr. Wright avers that "[t]he [c]orporate [d]efendants

have never had any offices, facilities, or equipment located in Arizona."[36] Thus, defendants

and relief defendants argue that they have virtually no Arizona contacts that relate to the

claims plaintiff is asserting here.

Plaintiff has, however, offered evidence that shows that HCGP and Right Way did

not limit the scope of their business activities to Utah.  In 2013, the corporate defendants

participated in 34 trade shows in 15 states, including two in Arizona and one in Utah.[37]

Seventy-five percent of defendants' product was sold through GNC, which has stores

---

[34]Kevin Wright Declaration at 2, ¶ 4, Exhibit 1, Defendants' and Relief Defendants'
Motion to Transfer Venue, Docket No. 17.

[35]Id.

[36]Id. at ¶ 5.

[37]Exhibit 23, SEALED Pickerrell Declaration, Docket No. 25.

nationwide.[38] And, in a related class action regarding defendants' product, HCGP and Right Way provided the claims administrator with "the names and addresses of over 4,000 likely purchasers of HCG Platinum" and notices were sent to 177 individuals in Arizona and 67 in Utah.[39]

While plaintiff's evidence shows that Arizona consumers bought defendants' product and that HCGP and Right Way conducted business on a national level, that evidence does not show that defendants had more contact with Arizona than Utah.  The fact that the business "hub" of the corporate defendants and relief defendants is in Utah means that defendants and relief defendants had more substantial contact with Utah, than Arizona.  This factor weighs in favor of transfer.

Differences in cost.  It will be less costly to litigate this case in Utah, primarily because most of defendants and relief defendants are domiciled or reside in Utah and because most of the witnesses are located in Utah.  While advances in electronic communications and document production have eliminated some of the costs associated with discovery, if this case were litigated in Arizona, some of the parties and witnesses would incur travel costs, costs which could be avoided by litigating this case in Utah.  This factor weighs in favor of transfer.

---

[38]See SEALED Pickerrell Declaration at 13-14, ¶¶ 26-27, Docket No. 25.

[39]Declaration of David Garcia [etc.] at ¶¶ 2-3, attached to Plaintiff's Opposition to Defendants' Motion to Transfer Venue, Docket No. 20.

Availability of compulsory process. As discussed above, there are several likely witnesses who reside in Utah. These individuals are outside the subpoena power of this court and thus this factor "weigh[s] strongly in favor of transfer." U-Haul Int'l, Inc. v. Hire a Helper, LLC, Case No. CV–08–1271–PHX–DGC, 2008 WL 4368663, at *3 (D. Ariz. Sept. 23, 2008); see also, Leyvas v. Bezy, Case No. CV 07–1032–PHX–SMM, 2008 WL 2026276, at *4 (D. Ariz. May 9, 2008) ("the inability of the Court to compel the attendance of certain witnesses would certainly favor transferring the case"). While the court's "lack of subpoena power may be solved through the use of deposition or video testimony[,]" Roth v. Adtran, Inc., Case No. CV13–1735–PHX DGC, 2013 WL 6058294, at *3 (D. Ariz. Nov. 18, 2013), when, as here, most of the non-party witnesses would be outside the court's subpoena power, a transfer is the better solution because it will result in less cost and more live testimony.

Ease of access to proof. This factor weighs in favor of transfer because "[a]ll relevant electronic and hard-copy business records are located in Utah, not Arizona" and "[a]ll of the [c]orporate [d]efendants' physical facilities, servers, computers, other office equipment, employees and managers are located in Utah."[40]

Public policy. While Arizona has a public policy concern in litigating this case because numerous Arizona consumers bought defendants' product, Utah's interest in this

---

[40]Kevin Wright Declaration at 2, ¶¶ 5-6, Exhibit 1, Defendants' and Relief Defendants' Motion to Transfer Venue, Docket No. 17.

case is greater, given that it is against multiple Utah companies and citizens. This factor

weighs slightly in favor of transfer.

Case congestion. This factor is neutral. Although it takes longer for a case to reach

trial in Utah than it does in Arizona,[41] the difference is slight.

### Conclusion

Defendants and relief defendants' motion[42] to transfer venue to the District of Utah

is granted. It will be more convenient for the parties and for non-party witnesses if this case

is litigated in Utah. It will be less costly, non-party witnesses will be subject to the court's

subpoena power, and access to proof will be easier, if this case is litigated in Utah. And,

Utah has a greater interest than Arizona in this case, which involves Utah companies and

Utah residents.

DATED at Anchorage, Alaska, this 8th day of April, 2014.

/s/ H. Russel Holland
United States District Judge

---

[41]SEALED Pickerrell Declaration at 16-17, ¶ 29, Docket No. 25 (noting that U.S Courts website shows median time from filing to disposition for civil cases in Utah is 38.8 months and 31 months in Arizona).

[42]Docket No. 17.